UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-75-RJC-DCK

| | |
|---|---|
| TONY HAMBRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CLEVELAND COUNTY COURT, ) | ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915(e)(2), the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), and dismiss the Complaint, (Doc. No. 1), with prejudice.

I.  BACKGROUND

On February 6, 2013, pro se Plaintiff Tony Hambright filed the instant Complaint pursuant to 42 U.S.C. § 1983, naming "Cleveland County Court" as the sole Defendant. In his Complaint, Plaintiff appears to be challenging a ruling by the state court regarding the repossession of some of Plaintiff's personal property. Plaintiff alleges in the Complaint that "magistrates and judges denied my person, due process of law;" "Cleveland County has repeatedly denied my person due process of law. Witch [sic] has led to my person being extorted from and I have and do suffer physical and financial losses;" that "magistrates . . . did not award repossession of my own property. Witch [sic] was removed from my residence, without knowledge or approve [sic];" and "judges . . . did not enforce the law's [sic]. In regard to

personal and private documents and no action on personal injuries suffered at hands of other[s]." (Doc. No. 1 at 1-3). Plaintiff describes his injuries as "Currently suffer from blood poisoning. Heavy metal. A broken left ankle. And a broken vertebrae in my back." (Id. at 3). For relief, Plaintiff seeks "All my rights restored. All my properties restored or repaid in full. Restoring of my charter and good standing in my community. Restoring of any and all financial losses. Also damages awarded for physical pain and suffering! And any bill due paid in full. No [sic] by my person. Including taxes owed." (Id. at 5).

## II. STANDARD OF REVIEW

The Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in a plaintiff's complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Plaintiff's Motion to Proceed in Forma Pauperis

The Court first addresses Plaintiff's Motion to Proceed in Forma Pauperis. In support of the motion, Plaintiff states that he is unemployed, receives $943 in monthly income from disability benefits, and has $820 in monthly expenses. See (Doc. No. 2). Plaintiff further attests that he "is disabled and receive[s] no [assistance] at this time with rent." (Id. at 5). Because the Court finds that Plaintiff lacks sufficient funds with which to pay the filing fee, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis.

B.   Plaintiff's Complaint

This action will be dismissed for several reasons.  First, to the extent that Plaintiff is attempting to seek review by this federal court of a state court decision, apparently related to the repossession of Plaintiff's personal property, his action is barred by the Rooker-Feldman doctrine, which bars federal courts from sitting "in direct review of state court decisions." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983); see also Curley v. Adams Creek Assocs., 409 F. App'x 678, 680 (4th Cir. 2011) (holding that Rooker-Feldman precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her).

Next, to the extent that Plaintiff is attempting to sue the individual magistrate or judge who presided over Plaintiff's state court action, these officials are entitled to absolute judicial immunity.  See Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted); Jackson v. Houck, 181 F. App'x 372, 373 (4th Cir. 2006) (The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.") (citing Mireles v. Waco, 502 U.S. 9, 12-13 (1991)).

Finally, the allegations in Plaintiff's Complaint are simply too vague to state a plausible claim for relief, and the Complaint is subject to dismissal for this alternative reason.

**IV.   CONCLUSION**

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action will be dismissed for the reasons stated herein.

3

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**;

(2) The Complaint, (Doc. No. 1), is **DISMISSED with prejudice**; and

(3) The Clerk is instructed to terminate this case.

Signed: February 20, 2013

Robert J. Conrad, Jr.
Chief United States District Judge